IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO DESMOND STONE | § § § | |
| v. | § | No. 3:10-CV-02190-D |
| | § § § | |
| UNITED STATES | § § § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Antonio Desmond Stone, a federal prisoner, has filed a petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the petition should be denied.

## I. BACKGROUND

On June 19, 2008, a jury found Stone guilty of (1) conspiracy to commit bank fraud and aggravated identity theft; (2) bank fraud; and (3) aggravated identity theft, in violation of 18 U.S.C. §§ 371, 1344, and 1028A. The trial court found, by a preponderance of the evidence, that the loss amount for Stone's crimes exceeded $30,000. (Sentencing Transcript at 4). On September 19, 2008, the trial court applied the sentencing guidelines based upon this loss amount; Stone was sentenced to an aggregate 105-month prison term and a three-year term of supervised release. His convictions and sentence were affirmed on October 26, 2009. *United States v. Stone*, 350 Fed. Appx. 911 (5th Cir. 2009). He timely filed the instant petition, his first since his conviction, on October 29, 2010. (Doc. 1).

## II. DISCUSSION

In his petition, Stone contends that: Sentencing guidelines were improperly applied; he received ineffective assistance of counsel because his attorney allowed the sentencing guidelines to be improperly applied; and the prosecutor had a grudge against Stone. (Doc. 1). As will be discussed further below, Stone's claim about the misapplication of sentencing guidelines is not cognizable on collateral review; his ineffective assistance claim fails the *Strickland* test; and his allegation of vindictive prosecution is conclusory. Accordingly, Stone's petition for writ of habeas corpus should be denied.

### A. STANDARD OF REVIEW

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992).

"A 'collateral challenge may not do service for an appeal.'" *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) (*en banc*). A defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Shaid*, 937 F.2d at 232. The 28 U.S.C. § 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.1992). The only exception to the cause and prejudice test is the "extraordinary case ... in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.*

## B. MISAPPLICATION OF SENTENCING GUIDELINES

Challenges to the court's application of the sentencing guidelines are not cognizable in a motion for collateral review pursuant to § 2255. *See, e.g., United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Here, Stone, without showing cause for having failed to raise this claim on direct appeal, challenges the application of the sentencing guidelines at his trial, and in his request for relief seeks, *inter alia*, a reduction in his criminal history points to remedy the alleged misapplication of the sentencing guidelines. Stone's challenge here to the application of sentencing guidelines at his trial is not cognizable pursuant to § 2255. *Id.*

## C. INEFFECTIVE ASSISTANCE CLAIM

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland*, 466 U.S. at 687. In order to obtain habeas relief on a claim of ineffective assistance of counsel, the petitioner must prove (1) that his counsel's performance was deficient and (2) that it prejudiced the defendant. *Id.* To dispose of an ineffective assistance claim, a federal habeas court need not address both prongs of the *Strickland* standard. *Strickland*, 466 U.S. at 700; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990).

In measuring whether counsel's representation was deficient, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997). "It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffectively by hindsight."

*Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

In order to satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's errors were so egregious as to deprive the defendant of a fair trial whose result is reliable. *Strickland*, 466 U.S. at 687. The test to establish whether there was prejudice is whether "there is a reasonable probability that, but for the counsel's unprofessional errors, the trial would have been different." *Id.* at 694. A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* It is not enough for a habeas petitioner to merely allege deficiencies on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition. *Hill v. Lockhart*, 474 U.S. 52, 59-61 (1985); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

Here, Stone claims that his counsel failed to prevail upon the court to find that the loss amount for his crimes was less than $30,000. Stone provides no more than a conclusory allegation that counsel was ineffective because an incorrect loss amount resulted in a misapplication of the sentencing guidelines. Such a conclusory allegation fails to overcome the strong presumption of competence owed to counsel's conduct. *Gray*, 6 F.3d at 268; *Wilkerson*, 950 F.2d at 1065. Having failed to prove his counsel's performance deficient, Stone's claim thereby fails to satisfy the first prong of the test in *Strickland*, 466 U.S. at 700. Accordingly, his ineffective assistance claim does not entitle him to habeas relief.

### D. VINDICTIVE PROSECUTION CLAIM

"Although pro se habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir.1990). Rejection of a § 2255 claim of prosecutorial misconduct is appropriate where that claim is merely conclusory. *See United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980). Here, Stone's claim of vindictive prosecution due to a "grudge," (Doc. 1), against him by the prosecutor is conclusory, and does not entitle him to habeas relief. *Id.*; *Koch*, 907 F.2d at 530.

### III. CONCLUSION

For the foregoing reasons, none of the claims in Stone's petition for habeas corpus entitle him to relief. Therefore, it is **RECOMMENDED** that his petition for writ of habeas corpus be **DENIED**.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

The clerk shall mail a copy of this order to Defendant at his last known address by certified

mail, return receipt requested, and to all other counsel of record by first class mail or electronically.

DATED this 10th day of January, 2013.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**