CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 APR 29 PM 3: 23

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO DESMOND STONE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-2190-D-BL |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Antonio Desmond Stone originally filed this suit seeking to vacate or correct his sentence under 28 U.S.C. § 2255. On September 19, 2008, a jury found Stone guilty on all counts of a multicount indictment. Counts 1 through 5 were charges of conspiracy to commit bank fraud, aggravated identity theft, and aiding and abetting other defendants to commit bank fraud. Counts 6 and 7 were charges of aiding and abetting other defendants to commit aggravated identity theft. Stone received a 57-month sentence for Counts 1 through 5 and consecutive 24-month sentences each for Counts 6 and 7. *See United States v. Stone*, No. 3:07-CR-359-D-1, 2008 WL 3152969 (N.D. Tex. Sept. 22, 2008). Stone appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit, which affirmed on all counts. *See United States v. Stone*, 350 F.App'x 911 (5th Cir. 2009) (unpublished) (*per curiam*). Before the Fifth Circuit, Stone contested, in part, the sentence enhancements applied in his case. The Fifth Circuit dismissed all Stone's claims and upheld the judgment of the District Court on October 26, 2009.

Stone filed his § 2255 motion on October 29, 2010, in essence taking issue with the sentencing guidelines and increases in the offense level used in computing the sentence. He contested the dollar value of the fraud he perpetrated; Stone alleged the "intended loss" amount in his case was $26,500 which would have put him in a certain category carrying only an increase of four in offense level at sentencing. He alleged he was sentenced "on the guidelines for the amount over $32,000." (Doc. 1, p. 4); *see* U.S. SENTENCING GUIDELINES MANUAL § 2B1.1 (2008), *Commentary* ("'Intended loss' (I) means the pecuniary harm that was intended to result from the offense; and (II) includes intended pecuniary harm that would have been impossible or unlikely to occur (e.g., as in a government sting operation, or an insurance fraud in which the claim exceeded the insured value)."). Additionally, Stone brought claims of vindictive prosecution and ineffective assistance of counsel.

After being initially assigned to another United States Magistrate Judge, the case was reassigned to the undersigned. On January 10, 2013, this Court recommended all Plaintiff's claims be denied and his case dismissed. (Doc. 10). The Court found that "[c]hallenges to a court's application of the sentencing guidelines are not cognizable in a motion for collateral review pursuant to § 2255." *Id.* at 3 (citing *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) and *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998)). The Court also found that Stone failed to offer anything other than bare allegations that his counsel was insufficient or that the prosecutor held a "grudge" against Stone. These allegations, the Court concluded, were insufficient to support claims of ineffective assistance and vindictive prosecution. *Id.* at 3–5. The District Judge adopted this Court's recommendation over no objections on February 28, 2013, and the case was closed.

On December 31, 2015, Stone filed the instant motion to reopen his case. (Doc. 14). Stone claims a "new amendment" in the United States Sentencing Guidelines "went into effect November 1, 2015," and has some impact on his case. (Doc. 14). It appears what Stone is arguing is as follows: under the guidelines in effect at the time of his criminal trial and sentencing, he was found to fit into the "More than $30,000" category, which was category (D) of §2B1.1(b)(1). *See* U.S. SENTENCING GUIDELINES MANUAL § 2B1.1(b)(D) (2008). This carried an increase in offense level of 6. *Id.* Under the guidelines in effect on November 1, 2015, category (D) was "More than $40,000." The dollar amount Stone alleges his fraud involved would fit into category (C) of the 2015 guidelines, which carries an increase level of 4. *See* U.S. SENTENCING GUIDELINES MANUAL § 2B1.1(b)(1)(C) (2015). Stone argues that 2015's increase level of 4 should be applied to his case, which would impact the duration of his sentence.

Straight away, the Court notes that Stone does not contend there is a discrepancy with the guidelines in effect when he committed the offenses versus the guidelines in effect when he was sentenced, and that such discrepancy resulted in a harsher penalty. That is, Stone does not claim he was subject to a violation of the *Ex Post Facto* Clause of the Constitution. *See, e.g., United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007) (An *Ex Post Facto* "violation occurs when application of the Guidelines in effect at sentencing results in a harsher penalty than would application of the Guidelines in effect when the offense was committed."). Nor does Stone explain how or why succeeding versions of the sentencing guidelines relevant to his case should apply retroactively; in this case, the version of the sentencing guidelines Stone believes should control were published more than six years after he was sentenced and more than eight years after he

committed the criminal offenses. Without any justification whatsoever for this Court to retroactively apply sentencing guidelines, the Court is not persuaded to do so.

Finally, and ultimately fatally for his motion before the Court today, Stone does not contest this Court's prior instruction that a §2255 does not provide a path to challenge a court's application of the sentencing guidelines. (*See* Doc. 10). Stone provides no reason why reopening his § 2255 case would produce any different result than it has in the past. *See Williamson*, 183 F.3d at 462; *Cervantes*, 132 F.3d at 1109. Stone's motion fails to convince the Court.[1]

**IT IS, THEREFORE, RECOMMENDED** that Stone's Motion to Reopen his § 2255 Case, filed as Document 14, should be **DENIED**.

Additionally, as it is a photocopy and refiling of the instant motion, Stone's Motion to Reopen his § 2255 Case, filed as Document 15, should also be **DENIED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

---

[1] To the extent Stone in his instant motion argues that the facts supporting the increase were found by a preponderance of the evidence rather than beyond a reasonable doubt, the Fifth Circuit has already spoken on that point, which is unavailing before this Court.

-5-

before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated April __29__, 2016.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**